Filed 8/10/21  P. v. Cole CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TOMMY COLE,<br><br>    Defendant and Appellant. | B310093<br><br>(Los Angeles County<br>Super. Ct. No. BA354746) |

APPEAL from an order of the Superior Court of Los Angeles County, David Herriford, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal; Tommy Cole, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Tommy Cole appeals from an order denying his motion to compel the District Attorney's Office to correct a misstatement made at sentencing. For the reasons explained below, we affirm the order.

## DISCUSSION

In 2013, Cole was convicted of murder with discharge of a firearm and was sentenced to state prison for forty years to life. We affirmed the conviction and sentence. (*People v. Cole* (Oct. 7, 2015, B251500) [nonpub. opn.].)

At sentencing, the prosecutor filed a statement with the court saying that Cole had suffered convictions in 1982 for robbery and rape in Illinois. Cole wrote to the District Attorney's Office in 2020, stating he had been convicted only of robbery, not rape. He subsequently filed a motion with the superior court to correct the error. The court summarily denied the motion.

Cole appealed. His appellate counsel filed a brief raising no issues on appeal and requesting that we independently review the record pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*) to determine if the lower court committed any error. Counsel sent a copy of the brief and the record to Cole and informed him that he may file a supplemental brief. On May 11, 2021, we sent a letter to Cole informing him that he may submit by brief or letter any grounds of appeal contentions, or argument that he wished us to consider.

Cole responded with a short letter in which he states the district attorney represented to the sentencing court that Cole had been convicted in Illinois of unlawful restraint, but in fact that conviction was "vacated on appeal." Cole wants the district attorney to correct the error to avoid any adverse influence on a future parole board.

"Where a defendant has been afforded all the constitutional protections of a first appeal of right," he is not entitled to our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. (*Serrano, supra*, 211 Cal.App.4th at p. 503.) But when *Wende* does not apply, an appellant in a criminal case has the right to file a supplemental brief and to our review of his or her contentions. (See *Serrano*, at p. 503.)

Even if a court had the power to compel the District Attorney's Office to correct a misstatement that was immaterial in the moment, Cole offers no plausible scenario under which any misstatement by the district attorney at sentencing could have an impact at a future parole hearing. If the issue of Cole's Illinois convictions is raised at such a hearing, he need only correct the record then.

We are satisfied that Cole's counsel has fully complied with the responsibilities that *Serrano*, imposes. Additionally, we have considered and rejected the contention Cole raised in his supplemental brief, and have reviewed the entire record and found no arguable issues. We therefore affirm the order and conclude there is no arguable issue.

**DISPOSITION**

The order is affirmed.
NOT TO BE PUBLISHED



                                        CHANEY, J.

We concur:



        BENDIX, Acting P. J.



        CRANDALL, J.*

* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.